# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DEMOND SEAY,

        Petitioner,

v.                                                       Case No. 25-CV-55

STEVEN R. JOHNSON,

        Respondent.

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

Demond Seay alleges that he received ineffective assistance of counsel with respect to the revocation of his probation. He filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Because he is in custody pursuant to a judgment of a state court, Seay's petition properly arises under 28 U.S.C. § 2254 rather than § 2241. *See Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000); *see also Lewis v. Guokas*, No. 16-CV-1288, 2016 U.S. Dist. LEXIS 142555, at *1 (E.D. Wis. Oct. 14, 2016) (reconstruing a 2241 petition challenging revocation of extended supervision as a 2254 petition).

Instead of requiring Seay to resubmit his petition using the § 2254 form, the court can simply construe the petition as coming under 28 U.S.C. § 2254. But before

reconstruing the petition the court is required to advise Seay that he is generally limited to filing only one petition under § 2254. *See* 28 U.S.C. § 2244(b); *Estrada v. Smith*, No. 08-CV-789, 2008 U.S. Dist. LEXIS 92388, at *3 (E.D. Wis. Oct. 28, 2008); *Ghashiyah v. Kingston*, No. 06C0015, 2006 U.S. Dist. LEXIS 21981, at *2-3 (E.D. Wis. Mar. 28, 2006); *Simpson v. Pollard*, No. 15-1319, 2015 U.S. App. LEXIS 22987, at *2 (7th Cir. June 22, 2015) (unpublished); *see also Castro v. United States*, 540 U.S. 375, 377 (2003) (holding court must notify litigant of potential consequences before recharacterizing motion as a motion under § 2255).

Additionally, the court reminds Seay that, before seeking habeas corpus relief in federal court, he is generally required to exhaust all available remedies in state court. This usually requires presenting to each level of the Wisconsin judiciary, including the court of appeals and the Wisconsin Supreme Court, each claim he seeks to present to the federal court. If a petitioner fails to exhaust his remedies in state court, the federal court is prohibited from granting the petitioner relief.

Seay states that, because he filed a direct appeal of his revocation too late, he was told that he must pursue a petition for a writ of habeas corpus. (ECF No. 1 at 4-5; *see also* ECF No. 1-1 at 4.) However, there is a distinction between a federal and a state petition for a writ of habeas corpus. A federal petition is appropriate only after a petitioner has exhausted his state court remedies.

A state inmate who, because of ineffective assistance of counsel, failed to timely appeal the revocation of his probation generally must seek relief by filing a petition for a writ of habeas corpus in *state* court. *See State v. Ramey*, 121 Wis. 2d 177, 182, 359 N.W.2d 402, 405 (Ct. App. 1984). Ordinarily, only once he has exhausted his remedies in state court, including presenting his claim to the Wisconsin Supreme Court, may an inmate pursue a federal petition for a writ of habeas corpus.

In short, it appears that Seay's federal petition is premature and, if reconstrued as a petition under § 2254, should be dismissed. He must pursue a petition for a writ of habeas corpus in state court, including through all available appeals. Only if he does not obtain relief through those means may he pursue a federal petition for a writ of habeas corpus.

**IT IS THEREFORE ORDERED** that within **21 days** of that date of this order Seay shall inform the court whether he wants the court to construe his petition as arising under 28 U.S.C. § 2254. If the court reconstrues his petition, the court will review it to determine if it is sufficient to proceed. *See* Rule 4 of the Rules Governing Section 2254 Cases, including whether Seay has exhausted his remedies in state court.

**IT IS FURTHER ORDERED** that if Seay does not with to continue with his petition, he shall notify the court within **21 days**.

**IT IS FURTHER ORDERED** that, if Seay does not take any action within **21 days,** the court will recommend that his petition be dismissed because it was incorrectly filed under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254.

**IT IS FURTHER ORDERED** that all of the petitioner's filings with the court shall be mailed to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS.

The petitioner should also retain a personal copy of each document.

The petitioner is further advised that the failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this action.

In addition, the petitioner must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 3rd day of February, 2025.

WILLIAM E. DUFFIN
U.S. Magistrate Judge

4
Case 2:25-cv-00055-WED   Filed 02/03/25   Page 4 of 4   Document 6