# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

DEMOND SEAY,

        **Petitioner,**

     **v.**                      **Case No. 25-CV-55**

STEVEN R. JOHNSON,

        **Respondent.**

## RECOMMENDATION AND ORDER ON PETITION FOR A WRIT OF HABEAS CORPUS

Demond Seay, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. (ECF No. 1.) Proceeding without an attorney, he filed his petition pursuant to 28 U.S.C. § 2241. On February 3, 2025, this Court entered an Order noting that Seay's petition is properly characterized as a § 2254 petition, informed him of the consequences of bringing a § 2254 petition, and provided him time to consent to such recharacterization. (ECF No. 6.) This Court explained that recharacterizing the petition under § 2254 would likely result in dismissal because the petition is premature in federal court. Seay responded that he

does not understand, but that the state court has been unhelpful and he would like the court to reconstrue his petition as arising under § 2254. (ECF No. 7.)

The Court must now screen the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Seay alleges that he received ineffective assistance of counsel with respect to the revocation of his probation. In August 2024, his probation was revoked and he was sentenced to prison. http://wcca.wicourts.gov. He states that his attorney told him he received one year with time credit, when he actually received three and a half years, and the incorrect information led him to miss his deadline to appeal. (ECF No. 1 at 3.)

A person in custody pursuant to a state court judgment may pursue federal habeas corpus relief only after he has exhausted his remedies in state court. 28 U.S.C. § 2254(b)(1)(A). Exhaustion of state remedies is required as a prerequisite to consideration of each claim sought to be presented in a federal habeas petition. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). Exhaustion of state court remedies is a threshold issue, *Day v. McDonough*, 547 U.S. 198, 205 (2006), that a district court may raise *sua sponte, see U. S. ex rel. Lockett v. Illinois Parole & Pardon Bd.*, 600 F.2d 116, 117 (7th Cir. 1979).

A federal district court may not address grounds raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). A full opportunity means the prisoner's claims were presented through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To fairly present claims, "both the operative facts and controlling law must be put before the state courts." *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006) (citing *Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001)).

Seay states, "I did go to State Court once … [b]ut they were no help at all [s]o I came to federal court." (ECF No. 7.) But Seay's act of appealing the revocation in state court is not the same as filing a writ of habeas corpus in state court. (ECF No. 7; ECF No. 1 at 3.) Before Seay can bring a petition for a writ of habeas corpus in federal court, he must file a writ of habeas corpus in *state* court. *See State v. Ramey*, 359 N.W.2d 402, 405 (Wis. Ct. App. 1984); Wis. Stat. § 782.03 (discussing bringing a petition for writ of habeas corpus in Wisconsin).

Because Seay has not subjected all of his claims to one full round of review by the Wisconsin courts, this Court cannot grant his petition.

**IT IS THEREFORE RECOMMENDED** that Seay's petition and this action be **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation. Failure to timely object waives a party's right to review.

Dated at Milwaukee, Wisconsin this 25th day of February, 2025.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge